———————

No. 95-1512

———————

Thomas Utt,                              *
                                         *
      Plaintiff - Appellant,             *
                                         *
      v.                                 *  Appeal from the United States
                                         *  District Court for the
Honda Motor Company, Ltd.;               *  Western District of Missouri.
Honda Research and Development           *
Co., Ltd.; American Honda                *        **[UNPUBLISHED]**
Motor Company, Inc.,                     *
                                         *
      Defendants - Appellees.            *

                              ———————

            Submitted:  January 10, 1996

                Filed:  April 11, 1996

                              ———————

Before LOKEN, REAVLEY,* and HANSEN, Circuit Judges.

                              ———————

PER CURIAM.

      Thomas Utt was injured when he lost control of a borrowed 1986 Honda
200X three-wheel all-terrain vehicle, ran off the gravel farm road on which
he was riding, and crashed into a tree.  He commenced this product
liability action, alleging numerous design defects and failures to warn.
A jury returned a verdict for the Honda defendants, and Utt appeals.

      On appeal, Utt argues (1) that the district court erred in excluding
(a) testimony by Utt's expert that, in forming his opinions, he had relied
upon a preliminary report concerning all

———————————

      *The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
      for the Fifth Circuit, sitting by designation.

terrain vehicles compiled by an employee of the United States Consumer Product Safety Commission, and (b) documents from that CPSC report; (2) that the court should have permitted Utt to use the CPSC report in cross examining Honda's experts; (3) that the court erred in excluding a statement by a Honda representative to a United States Senate committee; (4) that the court erred in sequestering Utt's expert during the trial testimony of Honda's experts; and (5) that the court erred in giving a "sole cause" jury instruction inconsistent with Missouri comparative fault law.

After careful review of the record on appeal, we conclude that the challenged evidentiary rulings were not an abuse of the district court's substantial discretion regarding such matters and indeed were consistent with rulings upheld in Kloepfer v. Honda Motor Co., 898 F2d 1452, 1458 (10th Cir. 1990); that Utt has not shown he was prejudiced when the district court granted Honda's request under Fed. R. Evid. 615 to exclude witnesses from the trial, see Wood v. Southwestern Bell Tel. Co., 637 F2d 1188, 1194 (8th Cir.), cert. denied, 454 U.S. 837 (1981); and that the district court's instructions were consistent with Missouri law.  We further conclude that an opinion discussing these issues would have no precedential value.

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-